UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA SCHWARTZ, *as Administratrix of the Estate of Raiel Schwartz, deceased*,

Plaintiff,

-v.-

MOUNT SINAI MORNINGSIDE, FDNY EMERGENCY MEDICAL SERVICES (EMS), NEW YORK CITY FIRE DEPARTMENT, JENNIFER GALLAGHER, KAYLA BOGGS, LUCA EISEN, MOUNT SINAI HEALTH SYSTEM, and MOUNT SINAI WEST,

Defendants.

25 Civ. 10125 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On April 16, 2026, Plaintiff moved the Court for attorneys' fees under Federal Rule of Civil Procedure 4(d)(2) based on her failed efforts to secure a waiver of service from Defendants Mount Sinai Morningside, Mount Sinai Health System, and Mount Sinai West (collectively, "Mount Sinai"). (Dkt. #51-53). Mount Sinai responded to Plaintiff's motion on May 5, 2026. (Dkt. #54). Plaintiff replied on May 12, 2026. (Dkt. #57). For the reasons explained below, the Court denies Plaintiff's motion for attorneys' fees.

The Court begins by briefly recounting the events surrounding Plaintiff's efforts to secure a waiver of service from Mount Sinai. The alleged waiver request occurred during a December 2025 email exchange between Plaintiff's counsel and Mount Sinai's counsel. On December 5, 2025, Plaintiff's counsel emailed Mount Sinai's counsel "a Notice of a Lawsuit and Request to Waive

Service of a Summons for Defendant Mount Sinai Morningside Hospital." (Dkt. #52-1 at 4). The next day, Mount Sinai's counsel responded that Mount Sinai was "not waiving service." (*Id.* at 6-7).

Plaintiff's counsel then inquired as to whether Mount Sinai's counsel was authorized to receive service on behalf of Mount Sinai. (Dkt. #52-1 at 12-13). After what appears to be some miscommunication about the question, Mount Sinai's counsel clarified that she was not "authorized to accept service on behalf of any entity or individual." (*Id.* at 22). At that point, Plaintiff's counsel explained that she intended to "serve Mount Sinai directly." (*Id.*). Service on Mount Sinai was effectuated on March 2, 2026. (Dkt. #38).

The question now is whether Plaintiff effectively requested that Mount Sinai waive service such that Plaintiff is entitled to attorney's fees and expenses under Rule 4(d)(2). Rule 4(d)(2) explains that "[i]f a defendant ... fails, without good cause, to sign and return a waiver [of service] requested by a plaintiff ... , the court must impose on the defendant: [i] the expenses later incurred in making service; and [ii] the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Rule 4(d)(1) specifies what constitutes a valid waiver request. *See* Fed. R. Civ. P. 4(d)(1). Among other things, that rule requires that the waiver request "be addressed ... to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A).

As an initial matter, the Court finds that Plaintiff's waiver request did not satisfy the requirements in Rule 4(d)(1).  That is because Mount Sinai's counsel was not authorized to accept service on behalf of Mount Sinai (*see* Dkt. #52-1 at 22 (email from Mount Sinai's counsel informing Plaintiff's counsel of this fact)), and Rule 4(d)(1)(A) states that a waiver request must "be addressed" to someone "authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(d)(1).  It is axiomatic that "[a]n attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by appointment … to receive service of process … .  What is necessary is that it appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client." *Labombard* v. *City of New York*, No. 22 Civ. 2196 (LJL), 2023 WL 3841858, at *2 (S.D.N.Y. June 6, 2023) (internal quotation marks omitted) (quoting *Mintz & Gold LLP* v. *Daibes*, No. 15 Civ. 1218 (PAE), 2015 WL 2130935, at *5 (S.D.N.Y. May 6, 2015), *aff'd,* 643 F. App'x 35 (2d Cir. 2016) (summary order)).

Here, there is no evidence that Mount Sinai intended to authorize its counsel to accept service on its behalf.  To the contrary, Plaintiff's counsel's own communications with Mount Sinai's counsel reveal a recognition that "serv[ing] Mount Sinai directly" was different than emailing Mount Sinai's counsel.  (Dkt. #52-1 at 22 ("I hired a process server to serve Mount Sinai directly.  I am now sending [Mount Sinai's counsel] these documents via email … in the event that my process server has issues serving Mount Sinai[.]")).  Plaintiff's counsel knew that, when communicating with Mount Sinai's counsel,

she was not communicating with someone authorized to accept service.

Plaintiff offers two arguments as to why she sufficiently complied with Rule 4(d)(1), neither of which is availing.  *First*, she asserts that there is no reason "why an Attorney retained by a litigant and in the midst of active negotiations while representing that litigant would not be authorized to receive service." (Dkt. #57 at 2).  But she offers no case law or analysis in support. And in fact, she inverts the required standard.  The question is not whether it would be sensible for a client to allow an attorney to accept service on the client's behalf; it is whether the client actually provided such authority.  *See, e.g.*, *Labombard*, 2023 WL 3841858, at *2; *Canterbury Belts Ltd.* v. *Lane Walker Rudkin, Ltd.*, No. 81 Civ. 93 (CSH), 1986 WL 14292, at *2 (S.D.N.Y. Dec. 9, 1986) ("While [defense counsel's] letter … to plaintiff's counsel clearly indicates that [defense counsel] was authorized to negotiate on [the defendant's] behalf, there is a recognizable difference between negotiating and accepting service of process in litigation[.]").

*Second*, Plaintiff argues that even if Mount Sinai's counsel was not authorized to accept service on Mount Sinai's behalf, such a fact does not undermine Plaintiff's "substantial compliance" with Rule 4(d)(1). (Dkt. #57 at 3).  Plaintiff is correct that "courts in our Circuit typically require 'substantial' compliance with the requirements of Rule 4(d)(1)(A)-(G) rather than technical perfection." *Abadi* v. *United Airlines, Inc.*, No. 25 Civ. 1771 (PAE) (BCM), 2025 WL 1636086, at *1 (S.D.N.Y. June 9, 2025) (collecting cases); *see also Brinks Glob. Servs. USA, Inc.* v. *Bonita Pearl Inc.*, 686 F. Supp. 3d 357, 368 (S.D.N.Y.

2023) ("[C]ourts … are reluctant to excuse a defendant's failure to waive service based on 'technical errors' that do not prejudice the defendant.") (alteration adopted) (quoting *Stapo Indus.* v. *M/V Henry Hudson Bridge*, 190 F.R.D. 124, 125 (S.D.N.Y. 1999))).

But at the very least, sending a request to waive service to someone who is not authorized to accept service undermines any claim of substantial compliance with Rule 4(d)(1).  *See Abadi*, 2025 WL 1636086, at *1 (rejecting a request for fees under Rule 4(d)(2) when the plaintiff emailed a waiver request to lawyers who had represented the defendant but who were not agents for service).  As a sister court in this District explained, such noncompliance constitutes "more than a mere 'technical error.'"  *Id.* (collecting cases with similar holdings).

The final question is whether Plaintiff's failure to comply with Rule 4(d)(1) dooms her ability to seek fees under Rule 4(d)(2).  The argument here is that if a defendant notifies a plaintiff that the defendant will refuse to waive service, the plaintiff should not have to formally satisfy Rule 4(d)(1) to be able to claim fees.  Indeed, such a strict requirement appears to run counter to Rule 4(d)'s stated objective, which is "to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  Compliance with Rule 4(d)(1) may be nearly as costly as service of summons, so the Court hesitates to say that it is always required to claim fees under Rule 4(d)(2).

But here, the Court at the very least holds that the Plaintiff must be in contact with a person authorized to receive service to trigger a fee award under

Rule 4(d)(2). Otherwise, a plaintiff could approach anyone affiliated with a defendant, request a waiver of service, and then receive fees if such a request is denied, even if that person has no authority to waive service. In other words, the result may have been different here if Mount Sinai's counsel had been authorized to accept service on behalf of Mount Sinai, even assuming that Plaintiff's waiver request had other deficiencies under Rule 4(d)(1), as Mount Sinai suggests. (See Dkt. #54 at 4-5 (arguing that Plaintiff's waiver request was deficient in ways beyond it being addressed to the wrong person)).

Rule 4 recognizes a corporate entity's "duty to avoid unnecessary expenses" by waiving service, Fed. R. Civ. P. 4(d)(1), but it does not change the requirements of *who* may accept — and thus waive — service on behalf of that entity. Because Plaintiff's request would require the Court to find, with no textual basis, that a person may *waive* service without having any authority to *accept* service, Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate the pending motions at docket entries 50 and 51.

SO ORDERED.

Dated:   May 21, 2026
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge